AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No: 1:19-cr-00208-2 |
| John Michael Griffin | ) | |
|  | ) | USM No: 17055-028 |
| Date of Original Judgment: 2/16/2021 | ) | |
| Date of Previous Amended Judgment: | ) | Corey L. Scott |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   02/16/2021   shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  08/19/2024

*Judge's signature*

Effective Date: _____   Honorable James R. Sweeney, II
*(if different from order date)*   *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:19-cr-0208-JRS-TAB |
| JOHN MICHAEL GRIFFIN, | ) ) | -02 |
| Defendant. | ) ) | |

**Order on Motion for Sentence Reduction**

John Michael Griffin was sentenced to 168 months' imprisonment after pleading guilty to Conspiracy to Possess With the Intent to Distribute and to Distribute 50 Grams or More of Methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and 846. (J. 1–2, ECF No. 192.) This matter is now before the Court on Griffin's motion to reduce his sentence under 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (ECF No. 232.)

## I.    Legal Standard

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the Court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. Those amendments are set forth in § 1B1.10(d). Amendment 821, Part B, "Zero-Point Offenders" allows a two-level reduction in offense level to certain offenders with no prior criminal history. The

Court must consider the 18 U.S.C. § 3553(a) factors in deciding whether and how to reduce a sentence. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, comment (n.1(B)).

## II. Discussion

Griffin was sentenced to 168 months' imprisonment. In imposing the sentence, the Court adopted the presentence investigation report prepared by the U.S. Probation Office. (Statement of Reasons 1, ECF No. 193.) The base offense level for the offense was 36 because the offense involved more than 1.5 but less than 4.5 kilograms of methamphetamine. (Presentence Investigation Report ¶ 15, ECF No. 131.) Three levels were subtracted because Griffin accepted responsibility for the offense, bringing the total offense level to 33. (*Id.* ¶¶ 22–24.) Griffin's criminal history points resulted in a total criminal history score of six, establishing a criminal history category of III. (*Id.* ¶ 30.) With an offense level of 33 and a criminal history category of III, the guideline range was 168 to 210 months' imprisonment. (*Id.* ¶ 66.) The Court imposed a sentence of 168 months.

Griffin argues that Amendment 821 should reduce his offense level, and therefore his guideline range, because he meets all the criteria outlined in USSG § 4C1.1. (Motion 2, ECF No. 232.) The Government argues that Griffin is ineligible for a reduction because he did receive criminal history points. (Gov't Opp. 4, ECF No. 240.) The Government is correct. The adjustment applies only if "the defendant did not receive any criminal history points from Chapter Four, Part A," Criminal History. USSG § 4C1.1(a)(1). Griffin, however, received six criminal history points. (PSR ¶ 30.) The Court may reduce a defendant's sentence only where the guideline range

2

"has subsequently been lowered." 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). The applicable guideline range has not been lowered; therefore, the Court may not reduce Griffin's sentence. Because a sentence reduction is not allowed, the Court does not reach the 18 U.S.C. § 3553(a) factors.

The 168-month term of imprisonment remains as imposed at sentencing.

### III. Conclusion

The Court finds that Amendment 821 does not apply to Griffin because Griffin was not a zero-point offender. Therefore, Amendment 821 changes neither the applicable guideline range nor his offense level. Griffin's Motion to Reduce Sentence, (ECF No. 232), is **denied.**

**SO ORDERED.**

Date: 08/19/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

John Michael Griffin
Reg. # 17055-028
FCI Mendota
Federal Correctional Institution
P.O. Box 9
Mendota, CA 93640

Distribution by CM/ECF to all counsel of record

3